GEO. H. VESSELS, ET AL., *v.* A. DRUZ'S ADM'R, ET AL.

**Specific Performance of Contract—Bond for Deed.**
> Where one executes a bond to convey real estate, and at the agreed time of making the conveyance is unable to convey title as he agreed he would do, he cannot have specific performance decreed.

**Husband and Wife—Conveyance.**
> A married woman cannot convey real estate except by a writing in which her husband joins, unless he has already conveyed.

APPEAL FROM HARDIN CIRUCIT COURT.

December 1, 1877.

OPINION BY JUDGE LINDSAY:

By the terms of the bond for title executed and delivered by Mrs. Annie S. Druz to W. T. Jones, the appellants have a right to demand a conveyance of the entire tract of land described therein. Appellees allege that at the time the bond was executed it was understood that

Mrs. Druz was only to convey nine-tenths of said tract, but that averment is contradicted by the writing, and it is not alleged that it was omitted by mistake or through the fraud of Jones. Hence the writing must control.

In addition to this, exhibit "B" filed by appellees shows that they do not hold the perfect legal title to the nine-tenths they propose to convey. Two of the grantors named in the deed of September 10, 1859, are Martin N. Vessels and Ellen C. Vessels, his wife. The husband, Martin N. Vessels, neither signed nor acknowledged the deed. Ellen C., his wife, signed it and acknowledged it before a notary public in the state of Indiana. At the date of this acknowledgment, September 15, 1859, a notary public had no authority under the laws of this state to take the acknowledgment of a party to a deed of conveyance. But aside from this irregularity, a married woman cannot convey real estate except by a writing in which her husband joins, unless he has already conveyed, and there is nothing here to show that the husband has heretofore conveyed. Sec. 21, Chap. 24, Rev. Stat., and Sec. 20, Chap. 24, Gen Stat.

In view of these defects of title exhibited by the appellees themselves, it was altogether immaterial whether appellants did or not answer, or whether the appellants, George H. and Charles H. Vessels, could or not take advantage of the answer of appellant, Thomas T. Brown. Appellees upon their own showing are not ready or able to comply with the bond of their ancestor, and are not therefore in a situation to demand the specific execution of the contract of sale.

Judgment *reversed* and the cause remanded for further proper proceedings, not inconsistent with this opinion.

*Brown & Chelf, for appellants. Wilson & Hobson, for appellees.*